[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14229
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-00664-RBD-GJK

RUFUS LOVELL BROOKS,

Plaintiff-Appellant,

versus

MOBILITIE MANAGEMENT, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 19, 2019)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Rufus Brooks, proceeding pro se,[1] appeals the district court's grant of summary judgment in favor of Mobilitie Management, LLC ("Mobilitie") in Plaintiff's civil action alleging employment discrimination in violation of 42 U.S.C. § 2000e-2(a) ("Title VII").  No reversible error has been shown; we affirm.

Plaintiff is an African-American male with substantial previous work experience in wireless telecommunications.  Between August 2015 and March 2017, Plaintiff applied for 81 posted job openings with Mobilitie, a privately held wireless infrastructure company.  In September 2015, Plaintiff received an email from a Mobilitie recruiter asking about Plaintiff's availability for an interview.  No interview was scheduled, however; and Plaintiff was later told that Mobilitie had decided to outsource the position.  In October 2015, Plaintiff received another email asking about his availability for an interview but was told moments later to disregard the email, which was sent in error.  Plaintiff never interviewed for or was hired for a position with Mobilitie.

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

In April 2017, Plaintiff filed pro se this civil action against Mobilitie, asserting a claim for race discrimination.[2]  Plaintiff contends that Mobilitie decided not to hire Plaintiff because of Plaintiff's race.  Plaintiff says that Mobilitie canceled his job interviews after viewing Plaintiff's LinkedIn profile and learning that Plaintiff is African-American.

The district court granted Mobilitie's motion for summary judgment.  In pertinent part, the district court concluded that Plaintiff had failed to demonstrate that Mobilitie's proffered non-discriminatory reasons for not hiring Plaintiff were a pretext for race discrimination.

## I.

On appeal, Plaintiff first argues that the district court erred in failing to deny Mobilitie's motion for summary judgment for lack of proper service.  Plaintiff says he received no mailed or emailed copy of the motion.

A pleading is served properly on another party by mailing the pleading to the person's last known address or by sending the pleading "by other electronic means

---

[2] Plaintiff also alleged claims for race discrimination by Mobilitie's staffing agency and for retaliation.  Plaintiff raises no challenge to the district court's grant of summary judgment on these two claims; these claims are not before us on appeal.

that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(C), (E).  Service is considered complete upon the mailing, filing or sending of the pleading.  Id.

Attached to Mobilitie's motion for summary judgment was a certificate of service, in which Mobilitie's lawyer certified that a copy of the motion had been served on Plaintiff.  That the physical mailing address and email address listed for Plaintiff on the certificate of service reflected accurately Plaintiff's addresses on file with the district court is undisputed.  Whether or not Plaintiff in fact received the service copy, service was considered complete upon mailing or sending electronically the service copies to Plaintiff.  See Fed. R. Civ. P. 5(b)(2)(C), (E).

Moreover, the record reflects that Plaintiff in fact learned about Mobilitie's motion and did file a timely response to the motion.  Plaintiff does not contend that he had inadequate time to prepare his response.  Given the circumstances, the district court concluded correctly that Plaintiff suffered no harm as a result of the purported improper service.  We see no error in the district court's failure to deny Mobilitie's motion based on improper service.

4

II.

Plaintiff next challenges the district court's determination that Plaintiff failed to show that Mobilitie's legitimate, non-discriminatory reasons for not hiring him were pretextual.

We review de novo the district court's grant of summary judgment, viewing the evidence and drawing all reasonable inferences in the light most favorable to the non-moving party.  Ave. CLO Fund, Ltd. v. Bank of Am., N.A., 723 F.3d 1287, 1293 (11th Cir. 2013).

Title VII makes it unlawful for an employer to discriminate on the basis of a person's race.  42 U.S.C. § 2000e-2(a)(1).  Plaintiff bears the ultimate burden of proving -- by a preponderance of the evidence -- that Mobilitie discriminated unlawfully against him.  See Crawford v. Carroll, 529 F.3d 961, 975 (11th Cir. 2008).

Because Plaintiff relies upon circumstantial evidence of discrimination, we apply the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Crawford, 529 F.3d at 975.  "Under this framework, if the plaintiff establishes a prima facie case [of discrimination], the burden shifts to the employer to 'articulate some legitimate, nondiscriminatory

5

reason' for the adverse employment action." Id.  If the employer meets its burden of production, the burden then shifts back to the plaintiff to produce sufficient evidence from which a reasonable factfinder could determine that the employer's articulated reasons are a pretext for unlawful discrimination.  Id.

If the employer's "proffered reason is one that might motivate a reasonable employer," the plaintiff "must meet that reason head on and rebut it, and . . . cannot succeed by simply quarreling with the wisdom of that reason."  Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).  A plaintiff can show pretext by demonstrating such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered reason for the employment action that a reasonable factfinder could find the reason was unworthy of credence.  Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006).  "A reason is not pretext for discrimination 'unless it is shown both that the reason was false, and that discrimination was the real reason.'"  Id. (emphasis in original).

Here, Mobilitie satisfied its burden of production by articulating legitimate, non-discriminatory reasons for not hiring Plaintiff.  First, many of the positions for which Plaintiff applied (34 out of the 81 applied-for positions) were simply never filled due to changes in Mobilitie's hiring needs.  Second, Plaintiff failed to satisfy

6

Mobilitie's minimum hiring criteria, as set forth in Mobilitie's guidance document: "The Successful Recruit."  Mobilitie required, in pertinent part, that an applicant (1) have a "[h]istory of job continuity with significant duration with each employer (i.e., not a job hopper; less than 24 months at multiple employers);" and (2) reside locally to the applied-for position, described as within a 1-hour commute or 50-mile radius of the job site.

Because Mobilitie's stated reasons are ones that would motivate a reasonable employer,[3] the burden shifted back to Plaintiff to produce sufficient evidence to allow a reasonable factfinder to determine that Mobilitie's stated reasons were false and that race discrimination was the real reason for Mobilitie's hiring decisions.  Plaintiff, however, makes no challenge to Mobilitie's first stated reason -- that many of the posted positions were never filled.

About Mobilitie's second stated reason, Plaintiff makes no argument that he satisfied Mobilitie's hiring criteria under "The Successful Recruit" guidelines.[4] Plaintiff contends, instead, that "The Successful Recruit" guidelines did not go into

---

[3] For instance, we have said expressly that "leaving several employers in a recent and short period of time, or job-skipping, is an imminently reasonable basis upon which to choose between job applicants."  See Chapman, 229 F.3d at 1031.

[4] We note that the record supports a finding that Plaintiff failed to satisfy Mobilitie's hiring criteria.  Plaintiff's resume demonstrated that, between October 2010 and July 2015, Plaintiff had worked for seven different employers.  Also, none of the 81 positions for which Plaintiff applied were located within 50 miles of Plaintiff's home in Orlando, Florida.

7

effect until November 2015, after Plaintiff had already applied for several positions.  In support of his argument, Plaintiff relies solely on the "November 2015" date printed on the front page and the "(Rev 11/15)" printed on the bottom of each page of "The Successful Recruit" document.  Two Mobilitie human resources employees attested, however, that "The Successful Recruit" guidelines were in effect throughout all of 2015, 2016, and 2017.  This testimony is not contradicted by the November 2015 revision date printed on the document.  The district court, thus, committed no error in determining that Mobilitie's hiring criteria were in effect when Plaintiff first began applying for positions with Mobilitie in August 2015.

As evidence of race discrimination, Plaintiff contends that Mobilitie cancelled job interviews after Mobilitie employees viewed his LinkedIn profile and learned his race.  The evidence shows, however, that Plaintiff's LinkedIn profile was viewed both before and after Plaintiff received emails about interviews and that Mobilitie used LinkedIn regularly to verify information on applicants' resumes.  Mobilitie also presented evidence that, due to the high number of openings and applicants, interview notices were sometimes sent out in error and would later need to be rescinded.

8

Plaintiff has failed to rebut head-on each of Mobilitie's stated reasons and has failed to demonstrate that Mobilitie's stated reasons are unworthy of credence. Moreover, Plaintiff's conclusory and speculative allegations are insufficient to raise a triable issue about whether the real reason for Mobilitie's hiring decisions was race discrimination. Because Plaintiff has failed to show that Mobilitie's articulated reasons were pretextual, the district court granted properly Mobilitie's motion for summary judgment.

AFFIRMED.